UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL ABERNETHY,<br>    Plaintiff | :<br>:<br>: |
| vs. | :   CIVIL NO. 1:12-CV-0552<br>:<br>: |
| TIMOTHY J. MERCER, *et al.*,<br>    Defendants | :<br>:<br>:<br>:<br>:<br>: |

*M E M O R A N D U M*

*I.*     *Introduction*

We are considering two motions to dismiss filed by Defendants, Timothy Mercer, Brian Lewis, and Dierdri Fishel.  This case involves an internal affairs complaint filed by Plaintiff, a Trooper with the Pennsylvania State Police, and the alleged subsequent retaliatory actions of Defendants.  Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his First and Fourteenth Amendment rights.

*II.*     *Background*

The following facts are set forth in Plaintiff's complaint and are taken as true, as they must be when considering a motion to dismiss.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  In September 2009, Plaintiff, Carl Abernethy, filed for divorce from his wife.  On October 19, 2009, the Clearfield County

Court of Common Pleas granted Plaintiff and his wife shared legal and physical custody of their son.  Later in 2009, Plaintiff discovered that his estranged wife was having an affair with Defendant Lewis, a Corporal with the Pennsylvania State Police.  He then filed an internal affairs complaint alleging Lewis's unbecoming behavior.  The complaint was assigned to Defendant Mercer, Plaintiff's supervisor, who issued a letter reprimanding Lewis, but concluded there was nothing further he could do about off-duty behavior.  Plaintiff alleges that, in response to his complaint, Lewis "solicited Plaintiff's wife to go to . . . Defendant Fishel, to make reports of unspecified allegations against the Plaintiff."  (Doc. 1, ¶ 14).  On August 4, 2010, Mercer advised Plaintiff that he was being placed on restrictive duty, and that he was "allowed no contact whatsoever with his wife, even as regards to their son. . . " (Id. at ¶ 16).  On September 28, 2009, Plaintiff's orders were altered to permit him to communicate with his wife concerning their son.  Plaintiff asserts that Fishel, a State College Borough Police Officer and friend of Lewis, conducted an investigation into Plaintiff's actions which "led to bogus disciplinary proceedings." (Id. at ¶ 20).

On March 27, 2012, Plaintiff brought the present action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his Fourteenth Amendment rights to "access the courts and to familial integrity."  (Id. at ¶ 22).  Plaintiff also brings a First Amendment retaliation claim.  On May 25, 2012, Defendants Mercer and Lewis filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  On June 7, 2012, Defendant Fishel also moved to dismiss.

*III.    Discussion*

*A. Standard of Review*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).   While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556).   "[L]abels and conclusions" are not enough, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.  Twombly, 550 U.S. at 555 (quoted case omitted).

In resolving the motion to dismiss, we thus "conduct a two-part analysis."  Fowler, supra, 578 F.3d at 210.  First, we separate the factual elements from the legal elements and disregard the legal conclusions.  Id. at 210-11.  Second, we "determine

3

whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoted case omitted).

*B. First Amendment Retaliation Claim*

To bring a retaliation claim, a plaintiff must allege three elements: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." Thomas v. Independence Twp., 463 F.3d 265, 296 (3d. Cir. 2006).

We begin by examining whether Plaintiff engaged in constitutionally protected conduct when making a complaint about Defendant Lewis's behavior involving Plaintiff's estranged wife. To determine if a public employee's speech is protected by the First Amendment, we conduct a two-part analysis. Borden v. Sch. Dist., 523 F.3d 153, 168 (3d Cir. 2008). First, we determine whether the employee is speaking about matters of public concern. Id. (citing Connick v. Meyers, 461 U.S. 138, 146, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983). If the speech involves a matter of public concern, then we weigh "the interests of the [public employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." Id. (citing Pickering v. Bd. of Edu., 391 U.S. 563, 568, 88 S. Ct. 1731, 20 S. Ct. 2d 811 (1968).

Whether Plaintiff's speech involves an issue of public concern is determined by "the content, form, and context of a given statement, as revealed by the

whole record." Connick, 461 U.S. at 147-48.  Generally, such speech involves a social or political concern, such as complaining about racial discrimination.  Borden, 523 F.3d at 170.  "[S]peech on matters of purely private concern is of less First Amendment concern."  Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc., 472 U.S. 749, 759-60, 105 S. Ct. 2939, 86 L. Ed. 2d 593 (1985).  Here, Plaintiff asserts that filing a complaint against Lewis for having an affair with his wife is a matter of public concern.  The speech, communicated only to other members of the Pennsylvania State Police, dealt with Plaintiff's marital issues.  Although Plaintiff attempts to characterize his complaint as a matter of public corruption, it is clearly a matter of purely private concern that does not involve a social or political element.  Thus, we find that Plaintiff's speech is not protected by the First Amendment, and Plaintiff has not alleged sufficient facts to state a claim for retaliation.[1]

    *C. Fourteenth Amendment*

Plaintiff also brings claims for violation of his rights under the Fourteenth Amendment to "access the courts and to familial integrity."  (Doc. 1, at ¶ 23).

---

[1] To the extent Plaintiff intended to bring a retaliation claim based on his First Amendment right to Petition, we find that the same reasoning applies.  Plaintiff's complaint was not a matter of public concern, and thus not protected under his First Amendment Right to Petition.  See Borough of Duryea v. Guarnieri, __ U.S. __, 131 S. Ct. 2488, 2495, 180 L. Ed. 2d 408 (2011) (finding the public concern test should be adopted for public employee retaliation claims where the plaintiff's protected activity involves petitioning).

*1. Access to the Courts*

A plaintiff must show an actual injury to make a claim for lack of access to the courts. Christopher v. Harbury, 536 U.S. 403, 415, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). An "actual injury" is the loss of the ability to pursue a non-frivolous claim. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). Plaintiff makes the conclusory allegation that Defendants "were using their state authority, as well as Fishel's, to interfere with Plaintiff's access to the courts." (Doc. 1, at ¶ 18). Plaintiff has not alleged any loss of his ability to pursue a claim. Without meeting this requirement, Plaintiff's claim fails.

*2. Substantive Due Process*

Plaintiff alleges that he has had his "right to familial integrity, both to manage and maintain his marriage with his wife, and to maintain his relationship with his son violated. . ." (Doc. 1, at ¶ 21). He asserts that "[t]hese are substantive due process violations." (Id. at ¶ 6).

First we turn to whether Plaintiff has stated a claim with regard to his son. The Supreme Court has found that "the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children." Troxel v. Granville, 530 U.S. 57, 66, 120 S. Ct. 2054, 147 L. Ed. 2d 149 (2000). However, the Due Process Clause "only protects against deliberate violations of a parent's fundamental rights -- that is, where the state action at issue was specifically aimed at interfering with protected aspects of the parent-

child relationship." McCurdy v. Dodd, 352 F.3d 820, 827-28 (3d Cir. 2003). Plaintiff portrays Mercer's order to Plaintiff not to contact his wife as tantamount to ordering Plaintiff not to see his son. The complaint makes clear "that he was allowed no contact whatsoever *with his wife* . . ." (Doc. 1, at ¶ 16). The aim of the order was to prevent Plaintiff from contacting his estranged wife, not to prevent him from seeing his son. For this reason, we find Plaintiff failed to state a Fourteenth Amendment claim as to his son.

Next, we look to Plaintiff's claim concerning his wife. Defendants Mercer and Lewis argue that due to Plaintiff's separation from his wife and the initiation of divorce proceedings, he is not able to establish interference with a relationship which would rise to the level of a due process violation. Defendant Lewis also asserts that the complaint lacks allegations of his personal involvement, failing the requirements to bring suit pursuant to 42 U.S.C. § 1983. Defendant Fishel asserts that it is not plausible that she interfered with the marital relationship given the facts alleged in the complaint.

In response, Plaintiff alleges that Defendants Lewis and Mercer engaged in a conspiracy to prevent Plaintiff from contacting his wife. He cites generally to Griswold v. Connecticut, 381 U.S. 479 (1965) and Meyer v. Nebraska, 262 U.S. 390 (1923). Griswold discusses marriage as a "relationship lying within the zone of privacy created by several fundamental constitutional guarantees." Griswold, 381 U.S. at 485. In Meyer, the Supreme Court found that the Fourteenth Amendment protects "the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, [and] to worship

7

God according to the dictates of his own conscience." Meyer, 262 U.S. at 399.  Plaintiff does not explain how these cases relate to his claim of marital interference given the fact that Plaintiff had already initiated divorce proceedings.

The Supreme Court has "always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." Wash. v. Glucksberg, 521 U.S. 702, 720 (1997).  Plaintiff provides no case law or statutory authority on point to support his assertion that substantive due process provides protections that extend to the facts alleged in his complaint.  Without any direct authority, we find that Plaintiff has failed to state a claim.

### D. Qualified Immunity

Defendant Fishel asserts that she is entitled to qualified immunity. Qualified immunity "shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011).  For a right to be clearly established, its "contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Hope v. Pelzer, 536 U.S. 730, 739 (2002).  The unlawfulness must be "apparent." Id.  Qualified immunity "protects 'all but the plainly incompetent or those who knowingly violate the law.'" al-Kidd, at 2085 (citation omitted).

Having found that none of Plaintiff's allegations against Defendant Fishel state a claim, we need not address her qualified immunity argument.

                                                /s/William W. Caldwell
                                                William W. Caldwell
                                                United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CARL ABERNETHY,  :
    Plaintiff  :
  :
    vs.  :  CIVIL NO. 1:12-CV-0552
  :
  :
TIMOTHY J. MERCER, *et al.*,  :
    Defendants  :
  :
  :
  :
  :
  :

*O R D E R*

AND NOW, this 9th day of August, 2012, upon consideration of Defendants' motions to dismiss (docs. 6, 8), Plaintiff's response thereto, and pursuant to the accompanying memorandum, it is ordered that:

    1.  Defendants' motions to dismiss (docs. 6, 8) are GRANTED.

    2.  Plaintiff may file a motion for leave to amend his complaint within twenty-one (21) days of this order.  Any such motion shall include proposed amendments and a brief with supporting law explaining the validity of the proposed amendments. Defendants may respond within fourteen (14) days thereafter.

                      /s/William W. Caldwell
                      William W. Caldwell
                      United States District Judge